Filed 12/20/13  P. v. Morales CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C073041 |
| Plaintiff and Respondent, | (Super. Ct. No. CM037232) |
| v. | |
| MYRA AIDE MORALES, | |
| Defendant and Appellant. | |

On September 10, 2012, Dennis German (the victim) stopped his truck at a Park and Ride in Chico to wait for coworkers.  He noticed defendant Myra Aide Morales acting strangely, stumbling and looking disoriented.  The victim got out of his truck to check on her; leaving the door open and the engine running.  Defendant suddenly jumped into the driver's seat and started to drive away.  As the victim tried to get his truck back, he was hit by his truck and crushed between a tree and a rock, sustaining a broken pelvis, bladder trauma, and a urethra disruption.

1

A driver on northbound Highway 99 witnessed defendant driving the victim's truck erratically. He followed her and called 911 to report the incident. Defendant pulled the victim's truck over and parked on the east side of the highway. The witness parked in front of defendant and exited his vehicle to get the truck's license plate. Defendant then climbed through his half open passenger window. The witness pulled her out of his vehicle and restrained her until law enforcement arrived. Defendant pleaded with him to let her go, admitted she ran over the victim and said she had been smoking methamphetamine.

Defendant pleaded no contest to second degree robbery with a great bodily injury enhancement (Pen. Code, §§ 211, 12022.7, subd. (a)) and driving under the influence causing bodily injury (Veh. Code, § 23153, subd. (b)). Two additional counts were dismissed with a *Harvey* waiver.[1] The trial court sentenced defendant to eight years eight months in state prison, imposed various fines and fees, reserved jurisdiction over victim restitution, and awarded 140 days of presentence credit (122 actual and 18 conduct) pursuant to Penal Code section 2933.1.

Defendant appeals. She did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

## DISPOSITION

The judgment is affirmed.

                                              BUTZ          , J.


We concur:


      BLEASE       , Acting P. J.


      ROBIE        , J.

3